UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON LOPEZ TAPIA,<br><br>    Plaintiff,<br><br>    v.<br><br>KELLY SANTORO,<br><br>    Defendant. | No. 1:20-cv-01768-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION AS SUCCESSIVE[1]<br><br>OBJECTIONS DUE IN THIRTY DAYS<br><br>(Doc. No. 1)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

    Petitioner Ramon Lopez Tapia, a state prisoner proceeding *pro se*, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the court for preliminary review. Under Rule 4 of the Rules Governing Section 2254 Cases, the court must examine the habeas corpus petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. Under Rule 4, courts have "an active role in summarily disposing of facially defective habeas petitions." *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted). The court may dismiss claims at screening for "easily identifiable" procedural defects. *See id*. Finding the petition successive, the undersigned recommends that the petition be dismissed.

---

[1] The undersigned submits these factual finding and recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

I.    FACTS AND BACKGROUND

The petition, initially filed in the Central District of California, was transferred to this court on December 15, 2020.  (Doc. No. 5).  Petitioner challenges his 2011 conviction and sentence for first degree murder entered by the Kern County Superior Court in case no. BF128470A.  (Doc. No. 1 at 2).  Petitioner claims he is entitled to resentencing based on recent changes to California criminal law.  (*Id*. at 5, 18).  *See* Cal. Pen Code. § 1170.95 ("A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" when certain conditions apply.).  Petitioner's state court petition for resentencing was denied by the California courts.  (*Id*. at 19).

The court takes judicial notice of its files and notes petitioner has twice previously sought habeas relief in this court for the same 2011 conviction:  *See Tapia v. Santoro*, No. 1:15-cv-01809-BAM HC (E.D. Cal. Dec. 22, 2015) (petition dismissed due to failure to exhaust claims); and *Tapia v. Santoro*, No. 1:17-cv-00060-LJO-JLT (E.D. Cal. Nov. 7, 2017) (petition dismissed as untimely).  Nothing in the docket shows that petitioner obtained an order from the Ninth Circuit Court of Appeals authorizing him to file a second or successive petition.

II.    APPLICABLE LAW

A second or successive petition that raises the same grounds as a prior petition must be dismissed.  28 U.S.C. § 2244(b)(1).  A dismissal of petition for failure to exhaust claims does not render a subsequently filed petition a "second or successive" under federal habeas review.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000).  However, a dismissal of a petition as untimely does render a subsequent petition second or successive.  *See McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that "dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA").

Dismissal also is required for a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new constitutional right, made retroactive by the United States Supreme Court or (2) the factual basis of the claim was not previously

2

1 discoverable through due diligence, and these new facts establish by clear and convincing
2 evidence that but for the constitutional error, no reasonable factfinder would have found the
3 applicant guilty of the underlying offense.  28 U.S.C. § 2244(b)(2)(A)-(B).

4 However, it is not the district court that decides whether a second or successive petition
5 meets these requirements; the petitioner must obtain leave from the Ninth Circuit Court of
6 Appeals to proceed.  *See* § 2244 (b)(3)(A) ("Before a second or successive application permitted
7 by this section is filed in the district court, the applicant shall move in the appropriate court of
8 appeals for an order authorizing the district court to consider the application."); *Burton v. Stewart*,
9 549 U.S. 147, 152-53 (2007); *Chades v. Hill*, 976 F.3d 1055, 1056 (9th Cir. 2020).  This court is
10 mandated to dismiss a second or successive petition unless the Court of Appeals has given
11 petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a
12 second or successive petition.  *Burton*, 549 U.S. at 152 (2007); *Cooper v. Calderon*, 274 F.3d
13 1270, 1274 (9th Cir. 2001).

14 III.   ANALYSIS

15 As an initial matter, the court notes that petitioner sought habeas relief from this court in
16 two prior habeas actions:  in 2015 (No. 1:15-cv-01809-BAM HC) and in 2017 (No. 1:17-cv-
17 00060-LJO-JLT).  Whereas the dismissal of petitioner's 2015 petition for failure to exhaust his
18 claims would not preclude petitioner from filing the instant petition, *see Slack v. McDaniel*, 529
19 U.S. 473 at 487, the dismissal of petitioner's 2017 petition as untimely would render his instant
20 petition an impermissible second or successive petition.  *See McNabb v. Yates*, 576 F.3d 1028 at
21 1030.

22 Further, to the extent petitioner is seeking to claim, without stating so, that the instant
23 petition challenges a new or intervening judgment and thus his petition is not a second or
24 successive, s*ee Magwood v. Patterson*, 561 U.S. 320, 342 (2010), the undersigned notes that the
25 state courts denied petitioner's habeas petition for resentencing.  Therefore, there is no new or
26 intervening judgment which would prevent the instant petition from being deemed second or
27 successive.  *See Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017).

28 Accordingly, the undersigned finds that petitioner's 2017 petition for habeas relief in this

court (No. 1:17-cv-00060-LJO-JLT) renders the instant petition an impermissible successive petition and prohibited by 28 U.S.C. § 2244(b). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition. Therefore, this court has no jurisdiction to consider petitioner's habeas corpus application for relief under 28 U.S.C. § 2254 and must dismiss the petition. *See Burton*, 549 U.S. at 157.

IV. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is ORDERED:

The Clerk of Court is directed to assign a district judge to this case.

It is further RECOMMENDED:

1. The petition be dismissed as successive.

2. No certificate of appealability be issued.

3. The Clerk of Court be directed to terminate any pending motions/deadlines and close

this case.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  March 10, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE